IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01700-BNB

JUAN QUINTANA, also known as
JUAN CARLOS QUINTANA, also known as
JUAN CARLOS QUINTANA-NAVARRETE,

    Applicant,

v.

DOUGLAS DARR, Adams Co [sic] Sheriff,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 6 2007

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Applicant, Juan Quintana, also known as Juan Carlos Quintana and as Juan Carlos Quintana-Navarrete, alleges that he is confined at the Adams County Detention Facility in Brighton, Colorado. He previously filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994), an amended application, and a second amended application, which the Court denied in an order filed on July 9, 2007. *See Quintana v. Darr*, No. 07-cv-01185-ZLW (D. Colo. July 9, 2007). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), **abrogated on other grounds by McGregor v. Gibson**, 248 F.3d 946, 955 (10th Cir. 2001). Mr. Quintana paid the $5.00 filing fee in this action.

In No. 07-cv-01185-ZLW, the Court denied the habeas corpus application, amended application, and second amended application, and dismissed the action

because the Court determined that Mr. Quintana was not demanding enforcement of his right to be brought to trial promptly but rather sought to have this Court intervene in his state court proceedings. In the instant action, Mr. Quintana seeks enforcement of his right to be brought to trial promptly and again seeks to have this Court intervene in his state court proceedings. As relief, he specifically asks to be brought promptly to trial, to receive a copy of "sufficient evidence," and for the appointment of what he calls a "competent and ethical lawyer" to represent him. Application at 5.

On August 15, 2007, Magistrate Judge Craig B. Shaffer ordered Mr. Quintana to show cause within thirty days why the habeas corpus application should not be denied and the action dismissed. On August 27, 2007, Mr. Quintana submitted his response to the order to show cause.

The Court must construe liberally the habeas corpus application and the response to the show-cause order because Mr. Quintana is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Magistrate Judge Shaffer noted in his August 15, 2007, show-cause order that, In the instant application, Mr. Quintana fails to provide any of the background information, summarized below, that he provided in the original and amended applications he filed in No. 07-cv-01185-ZLW. In the amended application filed in No. 07-cv-01185-ZLW, Mr. Quintana alleges that he is a federal prisoner who was convicted on federal charges and sentenced to 120 months of imprisonment. He further alleges that the state of Colorado filed a detainer with the United States Bureau of Prisons

2

based upon outstanding state criminal charges for sexual assault, trespass, and burglary. In the original application he filed in No. 07-cv-01185-ZLW, he contends he made requests through the Interstate Agreement on Detainers Act to bring him to trial on the outstanding state charges, but that no action on the state charges has been taken. In the amended application in No. 07-cv-01185-ZLW, Mr. Quintana asserts that he is awaiting trial on the state criminal charges for sexual assault, trespass, and burglary in Case No. 05CR001755. In the second amended application, he alleges that his state criminal trial is scheduled to begin on July 2, 2007. In the instant action, he attaches to his application a copy of a letter dated July 13, 2007, informing him of the attorney appointed to represent him in his state case in an Adams County court. In the response to the show-cause order, Mr. Quintana updates and informs the Court that his state criminal trial has been rescheduled to begin on October 15, 2007.

In the instant application, Mr. Quintana asserts three claims. In claim one, he demands to be brought to trial promptly. In claim two, he demands sufficient evidence in his case and contends he has a Sixth Amendment right to face his accusers. In claim three, he demands the appointment of a "competent and ethical" attorney to represent him in his state case. Application at 4.

A state prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). However, Mr. Quintana still must exhaust state remedies prior to seeking relief in federal court. *See Capps v. Sullivan*, 13 F.3d 350, 353-54 (10th Cir. 1993).

3

Although Mr. Quintana makes the vague allegation in his first claim that he has filed "many and various motions all of wich [sic] were ignored," *see* application at 3, he fails to allege specific details regarding the efforts he has made to exhaust the state court remedies available to him in the pending criminal proceeding. He also fails to do so in his response to the show-cause order. Therefore, the claim will be denied without prejudice for failure to exhaust state remedies.

In his second and third claims, Mr. Quintana is not demanding enforcement of his right to be brought to trial promptly. Instead, he seeks to have this Court intervene in the state court proceedings. As Mr. Quintana previously was informed in No. 07-cv-01185, the Court will not do so because "'federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice

DATED at Denver, Colorado, this 5 day of Sept , 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01700-BNB

Juan Quintana
Prisoner No. 06-16618
Adams County Det. Facility
150 North 19th Ave. - Unit B452
Brighton, CO 80601-1951

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/6/7.

                                             GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                 Deputy Clerk